IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KI JUNG PARK                   :       CIVIL ACTION
                               :
        v.                     :
                               :
JOSEPH FARNEN, et al.          :       NO. 06-CV-1920

**MEMORANDUM AND ORDER**

In this case, the plaintiff Ki Jung Park seeks damages for injuries suffered in a construction work site accident from the owners of the home that was being renovated, the general contractor for the project, and a subcontractor. The subcontractor, defendants Wan J. Choe and Wan J. Choe Aluminum Siding ("Choe"), has filed this motion to dismiss pursuant to Fed. R. Civ. P. 12(b). For the reasons that follow, I am refusing defendant's motion for judgment on the pleadings.

Well known standards govern the resolution of this matter: (1) judgment on the pleadings for the defendant should be granted only where there are no issues of fact and the right to judgment is clear; and (2) for the purposes of his motion for judgment on the pleadings, a defendant admits the truth of all the facts well pleaded by the plaintiff and the untruth of all of his own allegations.

In May, 2004, Mr. Park was injured when "he fell off a ladder propped up on one building and leaning against another building." *See Complaint,* ¶ 9. Park asserts various claims of negligence against the defendants. It is uncontested that Choe was Park's employer at the time of his injuries.

Choe claims that as an employer he is immune from a tort claim based on a personal injury occurring in the scope of employment pursuant to Pennsylvania's Workers' Compensation Act ("PWCA"). *See* 77 P.S. § 481(a) (the liability of an employer under this act shall be exclusive and in place of any and all other liability to such employees); *Peck v. Del. Cty. Brd. of Prison Inspectors*, 814 A.2d 185, 188 (Pa. 2002) (§481(a) makes the workers' compensation system the exclusive remedy for an injured worker seeking redress from an employer for an on-the-job injury). Thus, Choe seeks dismissal of this complaint against him.

Park agrees that Choe was his employer, but he asserts that Choe did not carry workers' compensation insurance coverage, was not an approved self-insured employer, and has not paid any benefits to Park. Park contends that Choe is not entitled to immunity because his failure to obtain workers' compensation insurance permits Park to elect to proceed against him under the PWCA or sue his employer in tort. *See* 77 P.S. § 510(d); *Liberty v. Adventure Shops, Inc.*, 614 A.2d 615, 616 (Pa. Super. 1994) (citing *Harleysville Ins. Co. v. Wozniak*, 500 A.2d 872 (Pa. Super, 1985) (where employer fails to provide workers' compensation coverage, the employee can elect to accept the Act's compensation schedules or secure relief outside the Act by an action at law for damages against his employer)). Park further asserts that this motion should be denied because immunity is an affirmative defense that must be pled and proved.

Park is correct. This case is not amenable to a judgment on the pleadings because there are material issues of fact that are in dispute and must be resolved to determine the outcome of this case. While it is true that Choe may be entitled to immunity as Park's employer, Choe's lack of workers' compensation insurance could defeat such a defense. At this stage, I must accept Park's assertion that Choe did not have insurance and therefore I cannot conclude that Choe is

2

entitled to immunity as a matter of law. Further development of the record will be necessary to decide this issue.

      An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KI JUNG PARK | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOSEPH FARNEN, et al. | : | NO. 06-CV-1920 |

**O R D E R**

AND NOW, this   22nd   day of   February, 2007, after consideration of the motion to dismiss filed by defendants Wan J. Choe and Wan J. Choe Aluminum Siding (Dkt. # 22), and the plaintiff's response (Dkt. # 25), IT IS HEREBY ORDERED that the motion to dismiss is DENIED.

BY THE COURT:


/s/ J. William Ditter, Jr.
J. WILLIAM DITTER, JR., S.J.